```
1  IRAKLI KARBELASHVILI, Esq. (SBN 302971)
   ALL ACCESS LAW GROUP
2  1400 Coleman Ave Ste F28
3  Santa Clara, CA 95050
   Telephone: (408) 295-0137
4  Fax: (408) 295-0142
5  irakli@allaccesslawgroup.com

6  Attorneys for Plaintiff RICHARD HENDERSON-THOMAS

7

8             UNITED STATES DISTRICT COURT
9
              CENTRAL DISTRICT OF CALIFORNIA
10

11

12  RICHARD HENDERSON-      )   Case No. 26-cv-137
    THOMAS,                 )
13                          )   *Civil Rights*
                            )
14            Plaintiff,    )
                            )   **COMPLAINT FOR**
15      v.                  )   **INJUNCTIVE AND**
                            )   **DECLARATORY RELIEF AND**
16  AML FAMILY LLC; and JIN SUCK )   **DAMAGES**
    CHOI, dba FIVE POINTS LIQUOR )
17  2,                      )
                            )
18            Defendants.   )
                            )
19                          )
                            )
20                          )
                            )
21                          )
22
23       RICHARD HENDERSON-THOMAS ("Plaintiff") complains of
24  AML FAMILY LLC; and JIN SUCK CHOI, dba FIVE POINTS LIQUOR 2
25  (collectively, "Defendants") as follows:
26              **INTRODUCTION**
27  6.   This is a civil rights action arising from Defendants' failure to provide
```

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND
DAMAGES

1

1 legally required access for individuals with disabilities at the liquor store located at or about 3079 W. Lincoln Avenue, Anaheim, California 92801, known as 5 Points Liquor 2 ("Liquor Store"). At the time Plaintiff visited the Liquor Store, he was subjected to accessibility barriers that denied him full and equal access to the premises. As a direct result of these unlawful conditions, Plaintiff was forced to endure difficulty, discomfort, and embarrassment, and was excluded from the same access afforded to non-disabled patrons.

2. Defendants' failure to provide accessible facilities has denied and continues to deny Plaintiff the full and equal access guaranteed by Title III of the Americans with Disabilities Act and California civil rights statutes. These violations are ongoing and will persist unless Defendants are compelled to act. Plaintiff therefore seeks injunctive relief requiring Defendants to bring the Liquor Store into compliance with federal and state accessibility requirements. Plaintiff also seeks statutory damages available under California law, along with declaratory relief confirming Defendants' unlawful conduct and recovery of reasonable attorneys' fees, litigation expenses, and costs as authorized by law.

## JURISDICTION AND VENUE

3. Plaintiff brings this action pursuant to 42 U.S.C. § 12188 having been personally subjected to discrimination on the basis of his disability. These provisions expressly authorize private individuals to seek injunctive relief to enforce the public rights guaranteed under Title III of the Americans with Disabilities Act.

4. This Court has subject-matter jurisdiction of this action under 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. §§ 12101 *et seq*. Under supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of Health and Safety Code, the Unruh Civil Rights Act, and the California Disabled

1 | Persons Act.

2 | 5.  Venue is proper in this court under 28 U.S.C. § 1391(b) and is founded on
3 | the fact that the real property that is the subject of this action is in this District and
4 | that Plaintiff's causes of action arose in this District.

5 | **PARTIES**

6 | 6.  Plaintiff RICHARD HENDERSON-THOMAS ("Plaintiff") is, and at all
7 | times relevant hereto was, a qualified individual with a physical disability resulting
8 | from a 2016 motorcycle accident. The accident caused loss of sensation in his left
9 | leg and drop foot, and he later sustained a fractured left femur that further
10 | worsened his condition. As a result, Plaintiff is, and at all relevant times was,
11 | substantially limited in his ability to walk and relies on a wheelchair for mobility in
12 | public. Plaintiff holds a permanent disabled parking placard issued by the State of
13 | California. At all relevant times, Plaintiff has resided, and continues to reside, in
14 | Anaheim, California.

15 | 7.  Defendants are and at all relevant times were the owners, operators, lessors,
16 | and/or lessees of the subject business, property, and buildings relevant to this
17 | Complaint.

18 | 8.  Defendants failed to ensure that the accommodations, goods, services, and
19 | opportunities were accessible to Plaintiff and other members of the public who
20 | have physical disabilities. Defendants' failure to comply with federal and state
21 | access laws proximately caused the violations, ongoing violations, and damages to
22 | Plaintiff complained of here.

23 | 9.  Plaintiff is informed and believes, and on such information alleges, that at all
24 | times mentioned here, Defendants, and each of them, were the agents, servants,
25 | employees, and representatives of each of the other Defendants, and performed all
26 | acts and omissions stated here within the scope of such agency or employment or
27 | representative capacity, and/or as part of a joint venture and common enterprise

1  with one or more of the other Defendants, and are responsible in some manner for
2  the acts and omissions of the other Defendants in proximately causing the damages
3  complained of here. All actions alleged here were done with the knowledge,
4  consent, approval, and ratification of each of Defendants here, including their
5  managing agents, owners, and representatives.

## FACTUAL ALLEGATIONS

7  10.   Defendants discriminated against Plaintiff by failing to ensure that the
8  Liquor Store's amenities and policies comply with the requirements of the ADA.
9  Defendants have not provided individuals with disabilities—including Plaintiff—
10 with full, equal, and independent access to the same services, benefits, and
11 accommodations offered to nondisabled patrons.
12 11.   Defendants engaged in unlawful discrimination by operating the Liquor
13 Store without ensuring that its amenities and practices complied with the
14 accessibility requirements of the ADA and California law. As a result, Plaintiff and
15 other individuals with disabilities were denied the ability to access and shop at the
16 Liquor Store in the same full, equal, and independent manner as non-disabled
17 customers.
18 12.   On information and belief, the Liquor Store and its facilities have, since
19 January 26, 1993, undergone construction, alterations, structural repairs, and/or
20 additions, subjecting the facility to disabled access requirements of § 303 of the
21 ADA (42 U.S.C. § 12183). Such facilities constructed or altered since 1982 are
22 also subject to "Title 24," the California State Architect's Regulations. Irrespective
23 of the Liquor Store's construction and alteration history, removal of the access
24 barriers at the subject premises is subject to the "readily achievable" barrier
25 removal requirements of Title III of the ADA.
26 13.   On October 14, 2025, Plaintiff went to the Liquor Store to buy snacks and
27 drinks for dinner. Being in his wheelchair, it was humiliating that the interior aisles

were barely passable with beer cases piled everywhere along the back aisle, along with randomly placed shelves and drinks all over the floor. The center aisles were either too narrow to travel down or blocked by cases of drinks, one of them even had a dolly sitting in it apparently for no reason.

14. It was very discouraged for Plaintiff to even attempt to travel down the aisles with all the obstacles. As a result, Plaintiff was forced to stick to the outside perimeter aisle. Luckily, the drink that Plaintiff wanted was in a relatively accessible part of the store, but as he traveled to the front to pay, it was again difficult to get through.

15. Plaintiff left empty-handed on snacks, frustrated and embarrassed, just glad to get out.

16. In accordance with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure, prior to the filing of this action, Plaintiff's counsel retained a CASp-certified expert to evaluate the accessibility of the subject premises. The expert determined that the premises are not compliant and identified the following barriers related to Plaintiff's disability:

- **No accessible path of travel from the public right-of-way**
  An accessible route connecting the public sidewalk or public way to the site entrance is not provided.
  *(2022 CBC §11B-206.2.1; 2010 ADA §206.2.1; 1991 ADAAG §4.1.2(1))*
- **Ramp encroaches into the parking access aisle**
  The ramp intrudes into the required parking access aisle, which must remain level and unobstructed.
  *(2022 CBC §11B-502.4; 2010 ADA §502.4; Not in ADAAG)*
- **No tow-away sign at parking facility entrance**
  Required California tow-away signage is not posted at the driveway

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

5

entrance serving accessible parking. *(2022 CBC §11B-502.8)*

- **Truncated domes installed within the parking access aisle**

  Detectable warning truncated domes are installed within the parking access aisle, where level, unobstructed surfaces are required. *(2022 CBC §§11B-247.2, 11B-502.4; 2010 ADA §406.8; Not in ADAAG)*

- **Door reduces ramp landing to less than 42 inches**

  The door swing encroaches into the required ramp landing, reducing the clear landing depth below minimum requirements. *(2022 CBC §§11B-405.7.3, 11B-404.2.4; 2010 ADA §§405.7.3, 404.2.4; ADAAG §§4.8.4, 4.13.6)*

- **Cashier counter exceeds 34 inches in height**

  The service counter exceeds the maximum allowable height for an accessible transaction surface. *(2022 CBC §11B-904.4.1; 2010 ADA §904.4.1; 1991 ADAAG §7.2) it is 36" in ADAAG))*

- **Cashier counter does not provide a 36-inch-wide accessible surface**

  The accessible portion of the cashier counter is less than the required minimum width. *(2022 CBC §11B-904.4.1; 2010 ADA §904.4.1; 1991 ADAAG §7.2)*

- **Interior aisles less than 36 inches wide**

  Interior circulation aisles were observed at widths of approximately 18", 28", 29", 31", 34", and 35", which are below the minimum required clear width. *(2022 CBC §11B-403.5.1; 2010 ADA §403.5.1; 1991 ADAAG §4.3.3)*

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

6

- **No turning space at aisle intersections and dead ends**

    Aisle intersections and ends do not provide required turning spaces for wheelchair maneuvering.

    *(2022 CBC §§11B-403.5.2, 11B-304; 2010 ADA §§403.5.2, 304; 1991 ADAAG §§4.3.4, 4.2.3)*

- **Interior flooring has vertical changes exceeding ¼ inch**

    Interior walking surfaces include vertical level changes exceeding the maximum permitted height without compliant treatment.

    *(2022 CBC §11B-303.2; 2010 ADA §303.2; 1991 ADAAG §4.5.2)*

17. These individual barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after more detailed inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011).

18. Until permanent accessibility improvements are made, Plaintiff is deterred from returning. He will return once the Liquor Store is made accessible to him.

19. Plaintiff alleges that it would be a futile gesture to attempt future visits while these barriers remain unremedied, but he anticipates that continued or attempted visits to the area will occur regularly following the filing of this Complaint. Accordingly, Plaintiff reserves the right to supplement this Complaint at the time of trial to address any subsequent events or instances of deterrence according to proof.

20. Defendants were aware or reasonably should have been aware, that certain aspects of their establishment and their policies made Liquor Store inaccessible, constituting a violation of federal and state laws and hindering or denying access to individuals with mobility impairments. Based on available information, it is believed that Defendants possess the necessary financial means to eliminate these

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

7

obstacles and make the Liquor Store accessible to people with physical disabilities. However, Defendants have not taken action to remove these barriers or to ensure full and equal access to the facility.

21. As a result of Defendants, actions and omissions, Plaintiff has suffered a violation of civil rights, difficulties, discomfort and/or embarrassment, and denial of full, and equal access to public facilities, entitling him to general, special, and statutory damages. Plaintiff has retained counsel and now seeks statutory attorney fees, litigation expenses, and costs under federal and state law.

22. Plaintiff's goal in this suit is to make the Liquor Store fully accessible to persons with similar mobility disabilities.

## FIRST CLAIM:
## VIOLATION OF THE ADA, TITLE III
## [42 U.S.C. §§ 12101 et seq.]

23. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

24. Plaintiff was at all times relevant here a qualified individual with a disability as defined by the ADA, as he has impairments that substantially limit one or more major life activities.

25. Plaintiff has reasonable grounds for believing he will be subjected to discrimination each time he may attempt to access and use the subject facilities.

26. The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

27. The acts and omissions of Defendants, as detailed in the preceding paragraphs and incorporated herein by reference, constitute multiple violations of Title III of the Americans with Disabilities Act (42 U.S.C. § 12181 et seq.) and the

implementing regulations at 28 C.F.R. Part 36. Liquor Store failed to remove readily achievable architectural barriers and failed to modify policies, practices, or procedures to provide full and equal access to guests with disabilities.

28. Each of the above barriers was independently sufficient to deny Plaintiff full and equal access, and collectively they demonstrate systemic noncompliance with the ADA and its regulations.

29. Plaintiff alleges on information and belief that the Liquor Store was designed and constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA.

30. Here, Defendants violated the ADA by designing or constructing (or both) Liquor Store in a manner that did not comply with federal disability access standards even though it was practicable to do so.

31. The removal of each of the barriers complained of by Plaintiff was at all times here mentioned "readily achievable" under the standards §§12181 and 12182 of the ADA.

32. As noted throughout this Complaint, the removal of each of the architectural barriers complained of here was also required under California law.

33. Plaintiff alleges on information and belief that the Liquor Store was modified after January 26, 1992. Any alterations, structural repairs, or additions since January 26, 1992, have independently triggered requirements for the removal of barriers to access for disabled persons per § 12183 of the ADA.

34. Defendants have discriminated against Plaintiff in violation of Title III of the ADA by: (a) providing benefits that are unequal to that afforded to people without disabilities; (b) failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations of the Liquor Store to individuals with disabilities;

(c) failing to remove architectural barriers in existing facilities where such removal is readily achievable; and (d) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations of Liquor Store available through alternative methods if such methods are readily achievable. On information and belief, as of the date of Plaintiff's most recent visit to Liquor Store and as of the filing of this Complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff and to other similarly mobility disabled persons in other respects, which violate Plaintiff's rights to full and equal access and which discriminate against him on the basis of his disability, thus wrongfully denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 12182 and 12183 of the ADA.

35. Remediation of the identified accessibility barriers is readily achievable within the meaning of the ADA because the corrective measures required are technically straightforward, limited in scope, and involve modest expense when compared to ordinary commercial maintenance and improvement costs. None of the barriers require structural demolition, relocation of load-bearing elements, or closure of the Liquor Store. Rather, the conditions can be remedied through routine construction practices, minor site and interior reconfiguration, and readily available commercial materials.

36. Providing an accessible path of travel from the public right-of-way can be accomplished through localized regrading, adjustment of existing ramps, or modification of walkways without altering the overall site layout. The ramp encroachment into the parking access aisle and the improper placement of truncated domes can be corrected through limited concrete or surface work that is

inexpensive and quickly completed. Posting the required tow-away signage at the parking entrance requires minimal cost and no construction whatsoever.

37. The encroachment of the door into the required ramp landing can be resolved by using the right leaf as entrance and keeping the left leaf locked in a closed position. Compliance at the cashier counter can be achieved by lowering a portion of the existing counter or providing an auxiliary accessible transaction surface.

38. Interior circulation barriers, including narrow aisles, inadequate turning spaces, and excessive vertical level changes in flooring, can be addressed through rearrangement of merchandise, removal of obstructions, minor floor leveling, and replacement of noncompliant transitions.

39. The benefits of remediation substantially outweigh the costs. Removal of these barriers allows individuals with disabilities to independently enter, navigate, and utilize the Liquor Store, ensuring equal access to goods and services, improving overall safety, and reducing the risk of injury. Compliance also expands the Liquor Store's customer base and eliminates ongoing exposure to statutory damages, injunctive relief, and attorneys' fees arising from continued violations.

40. On information and belief, Defendants have the financial resources and operational capacity to readily accomplish these modifications. The Liquor Store is an operating retail business open to the public that generates ongoing revenue and routinely incurs expenses related to maintenance, inventory, and improvements. The limited and discrete costs associated with the required accessibility remediation are well within Defendants' means and do not impose an undue financial or administrative burden. Given Defendants' resources, the straightforward nature of the work, and the substantial civil rights benefits achieved, remediation of the identified barriers is readily achievable under federal and state law.

41. Under the ADA, 42 U.S.C. 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

42. Plaintiff seeks relief under remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), and under Federal Regulations adopted.

43. Plaintiff brings this action, not only to remedy the specific discriminatory conditions he encountered, but also to secure equal access for others similarly situated. As a private attorney general, Plaintiff seeks to enforce rights conferred by federal law for the benefit of the public at large, and to ensure that the facilities comply with accessibility requirements going forward.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CLAIM:
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
### [Cal. Civil Code §§ 51 et seq.]

44. Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

45. Liquor Store is a business establishment under the Unruh Act.

46. Defendants are the owner and/or operators of a business establishment.

47. Defendants violated the Unruh Act by their acts and omissions:
- Failure to construct or alter the Liquor Store in compliance with state building code and state architectural requirements;
- Failure to remove known barriers to access at the Liquor Store;
- Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages,

facilities, privileges, or services of the Liquor Store; and

- Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

48. Plaintiff has experienced barriers to access at the Liquor Store, all of which have caused him difficulty, discomfort, and embarrassment.

49. On information and belief, the Liquor Store is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

50. These barriers to access render Liquor Store and its premises inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

51. Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

52. As for Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendants' behavior was intentional: they were aware of or were made aware of their duties to remove barriers that prevent persons with mobility disabilities like Plaintiff from obtaining full and equal access to Liquor Store. Defendants' discriminatory practices and policies that deny full enjoyment of Liquor Store to persons with physical disabilities reveal actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Defendants have thus engaged in willful affirmative

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
13

misconduct in violating the Unruh Act.

53. On information and belief, the access features of the Liquor Store have not been improved since Plaintiff's visits there. Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

54. At all times mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that their barriers, policies and practices at its facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

WHEREFORE, Plaintiff requests relief as outlined below.

## THIRD CLAIM:
## VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE
### [Cal. Health and Safety Code §§19955 *et seq.*]

55. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

56. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants,

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

14

hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

57. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code …" Health & Safety Code §19956 was operative July 1, 1970, and applies to all public accommodations constructed or altered after that date.

58. On information and belief, portions of the Liquor Store and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the Liquor Store and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring the Liquor Store to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

59. Under the authority delegated by Government Code §4450, et seq, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations and/or modifications of the Liquor Store and/or the building(s) occurring after that date. Construction changes before this date but after July 1, 1970 triggered access requirements under the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

60. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards

Association Specifications and/or those contained in the California Building Code.

61. The Liquor Store is a "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

62. As a result of the actions and failure to act of Defendants, and because of the failure to provide proper and legally accessible public facilities, Plaintiff was denied Plaintiff's right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

WHEREFORE, Plaintiff requests relief as outlined below.

## FOURTH CLAIM:
## VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT
### [Cal. Civil Code §§ 54 *et seq.*]

63. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

64. The Liquor Store is a place of public accommodation and/or places to which the public is invited and, as such, must comply with the California Disabled Persons Act ("CDPA"), California Civil Code § 54 *et seq.*

65. The CDPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

66. The CDPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a) (1).

67. The CDPA also provides that a violation of the ADA is *a per se* violation of

CDPA, California Civil Code § 54.1(d).

68. Defendants have violated the CDPA by, among other things, denying and/or interfering with Plaintiff's right to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to his disability.

WHEREFORE, Plaintiff requests relief as outlined below.

## PRAYER FOR RELIEF:

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff prays for judgment and the following specific relief against Defendants:

2. Issue a declaratory judgment that Defendants' actions, omissions, and failures violate and continue to violate the law, including, but not limited to, the following: failing to construct and/or alter the subject premises in compliance with applicable federal and state access regulations/codes/requirements, failing to remove access barriers where "readily achievable," failing to make reasonable modifications in policy and practice for Plaintiff and other similarly-situated disabled persons;

3. Issue a preliminary and permanent injunction enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:

      a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

      b. To provide reasonable modifications in policies and practices for persons with mobility disabilities to ensure access to all services, facilities, and accommodations at the Liquor Store;

      c. To modify the Liquor Store and related facilities to provide full and equal access to persons with mobility disabilities, including removal of all barriers that violate applicable federal and state access regulations, codes, and requirements;

      d. To maintain such accessible features once they are provided;

      e. To train Defendants' employees and agents on how to accommodate the rights and needs of mobility disabled persons; and

      f. To implement nondiscrimination protocols, policies, and practices to ensure full and equal access for persons with mobility disabilities;

4. Retain jurisdiction over the Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts, omissions, failure to maintain accessible public facilities as complained of herein no longer occur, and cannot recur;

5. Award to Plaintiff all appropriate damages, including, but not limited to, statutory damages, general damages, treble damages, and punitive damages in amounts within the jurisdiction of the Court, all according to proof;

6. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

7. Award pre- and post-judgment interest as permitted by law; and

8. Grant any other relief that this Court may deem just and proper.

| | | |
|---|---|---|
| 1 | Date: January 19, 2026 | ALLACCESS LAW GROUP |
| 2 | | |
| 3 | | */s/ Irakli Karbelashvili* |
| 4 | | By IRAKLI KARBELASHVILI, Esq. |
| 5 | | Attorney for Plaintiff |
| | | RICHARD HENDERSON-THOMAS |

## JURY DEMAND

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

| | | |
|---|---|---|
| Date: January 19, 2026 | | ALLACCESS LAW GROUP |
| | | |
| | | */s/ Irakli Karbelashvili* |
| | | By IRAKLI KARBELASHVILI, Esq. |
| | | Attorney for Plaintiff |
| | | RICHARD HENDERSON-THOMAS |